Argued August 28, reversed September 18, 1978

STATE OF OREGON, *Respondent,*
*v.*
MICHAEL A. O'CONNOR, *Appellant.*
(No. T77-2547, CA 10721)
584 P2d 352

Royce F. Fukuya, Corvallis, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette, and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

This is a criminal case in which the defendant was charged with the traffic crime of Attempting to Elude a Police Officer, ORS 487.555.[1] Defendant entered a plea of not guilty, waived trial by jury, was tried to the court, found guilty, and sentenced to pay a fine and to serve a period of probation. On appeal, defendant contends in two assignments of error that the trial court erred in finding him guilty because the facts as proved did not constitute the offense of attempting to elude. We agree, and reverse.

Defendant was driving his car in one direction on a street in Corvallis when a police officer who was traveling in the other direction passed him. The officer indicated by lights and an audible signal that the defendant was to pull over.

The trial court found that the defendant was aware of the officer's visual and audible signals, and that he pulled off the road at the first available opportunity. Immediately after stopping the car, the defendant jumped out and fled on foot. The trial court apparently denied the defendant's motion for judgment of acquittal on the theory that defendant's act of running after exiting his vehicle was evidence of an intent to elude.

We are in general agreement with the proposition that, under certain circumstances, a defendant's flight from his car after it is stopped may be evidence tending to show what his state of mind was while he

[1] ORS 487.555 states:

"(1) A driver of a motor vehicle commits the crime of fleeing or attempting to elude a police officer if, when given visual or audible signal to bring the vehicle to a stop, he knowingly flees or attempts to elude a pursuing police officer.

"(2) The signal given by the police officer may be by hand, voice, emergency light or siren.

"(3) As used in this section, 'police officer' means a sheriff, municipal policeman or member of the Oregon State Police in uniform, prominently displaying his badge of office or who is operating a vehicle appropriately marked showing it to be an official police vehicle.

"(4) Fleeing or attempting to elude a police officer is a Class A misdemeanor."

was driving the car. However, the defendant's flight from his car, standing alone, cannot serve as a basis for his conviction.

■  ORS 487.555, the attempting to elude statute, provides that the offense occurs when "a driver * * * knowingly flees or attempts to elude a pursuing police officer." ORS 487.005(5) defines "driver" as "* * * any person who is in actual physical control over a vehicle." Taken together, the sections make it clear that the intent of the legislation is to make it unlawful to flee or attempt to elude a police officer while the offender is operating a vehicle. What the offender may choose to do after leaving the vehicle, providing that he has obeyed all of the traffic laws up to the time he leaves it, is a matter outside the Oregon Traffic Code.[2]

In this case, all of the evidence is to the effect that defendant, while driving the car, did nothing to suggest he was attempting to elude the officer. Inasmuch as the offense deals only with an offender's actions while driving, it follows that defendant's conviction must be reversed.

---

[2]We note that § 11-904 of the Uniform Vehicle Code, from which ORS 487.555 is derived, provides in pertinent part:

"(a) Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, *or who otherwise flees or attempts to elude a pursuing police vehicle,* when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor." (Emphasis added.)

The language "or who otherwise flees or attempts to elude," which might have been sufficiently broad to cover defendant's conduct in this case, was altered in the Oregon act.